# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE JURISDICTION

| | |
|---|---|
| SHAWN TOFILAU,<br><br>               Plaintiff,<br>vs.<br><br>CITY OF ONTARIO, a Public Entity of the State of California; ERIC HOPLEY, Chief of Police City of Ontario Police Department, individually and as City of Ontario Chief of Police; DOES 1 through 10, inclusive, each individually and as law enforcement officers,<br><br>               Defendants. | CASE NO: ED CV 10-00680 VAP (OPx)<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>The Honorable Judge Virginia A. Phillips<br>Complaint Filed: May 6, 2010<br><br>PROTECTIVE ORDER |

THIS COURT, HONORABLE VIRGINIA PHILLIPS PRESIDING, having reviewed the concurrently attached Joint Stipulation for a Protective Order signed by the attorneys for both parties, namely plaintiff SHAWN TOFILAU and defendant CITY OF ONTARIO, et al., hereby orders the following:

1

All internal investigation, personnel, employment, psychological, education, and training records relating to defendant's police officers, as well as all prior claims and citizen complaints, produced in this litigation, and in response to plaintiff's Request for Identification Inspection and Production of Documents, Set One, shall only be used in connection with this litigation which bears the following Case No: CASE NO: ED CV 10-00680 VAP (OPx).

Further, it is hereby ORDERED that after the completion of the litigation, all copies of the documents stated above, and produced in this litigation, shall be immediately returned to Rinos and Martin, LLP within 10 days thereafter. Upon dismissal of this above captioned case, all copies of records, if not returned, shall be immediately destroyed and counsel for Rinos & Martin shall be informed of the specific records that have been destroyed.

Further, as stipulated to, by and between the above referenced, parties, it is hereby ORDERED that:

1.   All internal investigation, personnel, employment, psychological, education, and training records, as well as all prior claims and citizen complaints, produced in this litigation, and in response to plaintiff's Request for Identification Inspection and Production of Documents, Set One, shall not be disclosed except as provided as follows:

All internal investigation, personnel, employment, psychological, education, and training records relating to defendant's officers, as well as all prior claims and citizen complaints, produced in this litigation, and in response to plaintiff's Request for Identification Inspection and Production of Documents, Set One, may only be disclosed to the following persons:

    a.   Counsel for any party and any party to this litigation;

    b.   Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

   c. Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental for preparation of trial.

   d. Any outside expert, consultant, or individual retained in connection with this action, and not otherwise employed by either party.

  2. Nothing pursuant to this protective order, as stipulated by both parties, is intended to prevent officials or employees of the City of Ontario or other authorized governmental officials from having access to any documents if they would have had access to said documents in the normal course of their job duties.  Further, nothing in this protective order in intended to prevent a witness from disclosing events or activities personal to him or her.

  3. Each person to whom disclosure of any records, including personnel, internal investigation, medical, psychological, training and employment records relating to any and all City of Ontario Police Officers, including but not limited to defendants BRICE DEVEY, STANLEY LLABAN, and JASON GANDY, as well as any claims or complaints, shall, prior to the time of disclosure, be provided by the person furnishing him/her such material a copy of this order, and shall agree on the record or in writing that he/she has read the protective order, and that he/she understands the provisions of the protective order.  Such person also must consent to be subject to the jurisdiction of the United States District Court with respect to any proceeding relating to enforcement of this order, including without limitation, any proceeding for contempt.  Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of this agreement until final termination of this litigation.

  4. If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged under seal in an envelope clearly marked as follows: "CONFIDENTIAL MATERIAL SUBJECT TO

A PROTECTIVE ORDER," and in compliance with Local Rule 79-5.

**IT IS SO ORDERED:**

DATED: 9/7/10

_____
Hon. Oswald Parada,
United States Magistrate Judge